IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AUNTY'S MARKET CHINA TOWN HAWAII LLC. HI, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> AMOGUIS CLANS, et al., <br><br> Defendants. | CIV. NO. 19-00025 JAO-RT <br><br> FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT AND DENY AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS |

FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT
AND DENY AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is pro se Plaintiffs Aunty's Market China Town Hawaii LLC. HI, Janet Howell ("Plaintiff Howell") and Leticia Tamayo's (collectively "Plaintiffs") Complaint titled:

> Complain of Criminal Action: FAMILY ALIENATORS FRAUD MILITARY DEPENDENTS, CLAIMING TO BE GIRLFRIENDS, SEX OFFENDERS TO CHARGE THE GENIUS CRIMINALS WHO UNDERMINED SEDUCTOR, SEDUCTRESES, TERRORIZERS MULTIPLE IDENTITY THEFT FAMILIES, FAMILY ALIENATORS THEFT FAMILIES, FRAUD MILITARY DEPENDENTS CLAIMING TO BE Girlfriends, boyfriends, Beneficial Friends, Co-workers, Relatives Cousins et all. RELATIVES COUSINS ET ALL COMPLAIN OF: OBSTRUCTION OF JUSTICE INTENTIONAL MANSLAUGHTER AND ATTEMPTED MURDER CAUSE BY RELATIONAL ATTEMPTED MURDER CAUSE BY BULLIES, FAMILY ALIENATORS PROVOKERS, DUE TO THEIR CRAB MENTALITIES, GOLD DIGGERS OBSTRUCTING JUSTICE, FRAUD DEPENDENTS HOME WRECKERS, FRAUD DEPENDENTS, GENIUS CRIMINALS, THIEVES, OBSTRUCTING OUR BUSINESS GROWTH HOMESIDE, BULLIES, INTENTIONAL MANSLAUGHTER, ATTEMPTED MURDER, GROWTH BREACH OF CONTRACT, BREACH OF PEACE, BLOOD SUCKERS, FORGERS, LYBEL FABRICATORS, SLANDERERS, ETC.

("Complaint") filed on January 18, 2019, and Plaintiff Howell's Application to Proceed In Forma Pauperis ("Application"), also filed on January 18, 2019.

After carefully reviewing the Complaint, Application and records, the Court finds and recommends that the Complaint be DISMISSED WITHOUT PREJUDICE.  The Complaint fails to identify the Court's jurisdictional basis and fails to state a claim.  If the District Court dismisses the Complaint, the Application should be DENIED as moot.

Further, on January 25, 2019, Plaintiff Howell filed two motions: "MOTION/ACTION: REQUEST FOR LEAVE ABSENCE FR FEB. 1 – APR. 8, 2019" and "REQUEST TO: Cancel this March 18, 2019 Hearing Date Please or Please Do Not Set the Hearing Date Yet."[1]  These motions/requests should be terminated upon dismissal of the Complaint and denial of the Application.

---

[1] The full title of the motion/request is:

> BEFORE: MAGISTRATE CV-19-00025-JAO-RT REQUEST TO: CANCEL THIS MARCH 18, 2019 HEARING DATE PLEASE OR PLEASE DO NOT SET THE HEARING DATE YET MOTION/ACTION: CHANGE/ADJUST HEARING DATE TO: AUGUST 2019 POSSIBLE EVIDENCES, DISCOVERIES COMPLAIN OF CRIMINAL ACTION: FAMILY ALIENATORS FRAUD MILITARY DEPENDENTS, CLAIMING TO BE GIRLFRIENDS, SEX OFFENDERS TO CHARGE THE GENIUS CRIMINALS WHO UNDERMINED ME SEDUCTOR SEDUCTRESES, TERRORIZERS MULTIPLE IDENTITY THEFT FAMILIES, FAMILY ALIENATORS THEFT FAMILIES, FRAUD MILITARY DEPENDENTS CLAIMING TO BE Girlfriends, boyfriends, Beneficial Friends, Co-workers, Relatives Cousins et all.  FORGERS, RELATIVES, COUSINS ET ALL COMPLAIN OF: OBSTRUCTION OF JUSTICE INTENTIONAL MANSLAUGHTER AND ATTEMPTED MURDER CAUSE BY RELATIONAL ATTEMPTED MURDER CAUSE BY BULLIES, FAMILY ALIENATORS PROVOKERS, DUE TO THEIR CRAB MENTALITIES, GOLD DIGGERS OBSTRUCTING JUSTICE, FRAUD, DEPENDENTS HOME WRECKERS, FRAUD DEPENDENTS, GENIUS CRIMINALS, THIEVES, OBSTRUCTINGJUSTICE, OBSTRUCTING MY BUSINESS GROWTH, MY CAREER GROWTH, MY FINANCIAL STABILITY E HOMESIDE, BULLIES, INTENTIONAL MANSLAUGHTER, ATTEMPTED MURDER, GROWTH BREACH OF CONTRACT, BREACH OF PEACE,

DISCUSSION

Plaintiff Howell seeks the Court's approval to proceed in forma pauperis.  A court may authorize the commencement or prosecution of any suit, action or proceeding without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  However, if a Complaint fails to indicate a jurisdictional basis or fails to state a claim on which relief may be granted, the Court may deny the Application.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First National Bank, 299 U.S. 109, 112-13 (1936)); 28 U.S.C. § 1915(e)(2).

I.    The Complaint Fails to State Grounds for Jurisdiction

At the outset, the Complaint has not identified a jurisdictional basis for this case. A pleading must contain "a short and plain statement of the grounds for the court's jurisdiction . . . " Fed. R. Civ. P. 8(a)(1).  Federal district courts have jurisdiction when the action involves a federal question or diversity jurisdiction exists.  28 U.S.C. § 1331; 285 U.S.C. § 1332.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First National Bank, 299 U.S. 109, 112-13 (1936)).  "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of . . . pleading . . . diversity jurisdiction." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 614-15 (9th Cir. 2016).  "If jurisdiction is lacking at the outset, the district court has 'no power to do anything with

---

BLOOD SUCKERS, FORGERS, LYBEL FABRICATORS, SLANDERERS, ETC.

the case except dismiss.'" Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) (citations omitted).

On its face, the Complaint does not state whether the federal district court has jurisdiction under federal question, and no reference is made to whether diversity jurisdiction exists. Without a proper jurisdictional basis, the Complaint must be dismissed. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety").

II.    The Complaint Fails to State a Claim

Plaintiffs' Complaint consists of incoherent, nonsensical statements that do not state any discernable claims. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is "frivolous," "fails to state a claim on which relief may be granted[ ] or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (emphasis added). See Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).

Even if Plaintiffs' Complaint is construed liberally as required by Bernhardt v. Los Angeles, the Complaint is incomprehensible. Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003). Rule 8 of the Federal Rules of Civil Procedure ("FRCP") requires that pleadings contain "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'"  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

FRCP 8 does not demand detailed factual allegations.  Nevertheless, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

The Complaint is far from short, plain, simple, concise or direct.  There are numerous, generalized allegations, with conclusory statements that do not amount to a plausible claim.  To illustrate, on page 3 of the Complaint, Plaintiffs state:

> The People who Forged My Signatures to make me Crazy Delusional Wife, but Actually Crazy Delusional Mistresses, Cuncubines, Seductor, Seductresses, Sex Offenders, Slanderers, Bullies, The Pure Abdominal Evils, willing to harm, willing to Kill to Keep their Dishonest Gains.  Willing to Provoke, Willing to Run Me Over of the Cars that they Acquired Fraudulently through the Help of the Playboy Chick boy.  who are Willing to Harm others for their DISHONEST GAINS.  The FRAUD MILITARY DEPENDENTS they accumulated Due to my Husband's Sex ADDICTION, Negligence Heart, Delusional King Solomon De Fake, Father Abraham of New Millennium.

Complaint, p.3.  These illogical ramblings continue throughout the 12-page Complaint, making it difficult for the Court to ascertain Plaintiffs' claims.  For these reasons, the Complaint should be dismissed.

III.    <u>Leave to Amend Should be Granted</u>

If the court dismisses the complaint, it should grant leave to amend the pleading even if no request was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>see</u> <u>also</u> <u>Tripati</u>, 821 F.2d at 1370.  Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  <u>Tripati</u>, 821 F.2d 1370 (quoting <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).  Because Plaintiffs are proceeding pro se and it is not clear that the deficiencies cannot be cured by amendment, the Court recommends that the dismissal be without prejudice and that Plaintiffs be allowed to amend the Complaint.

Plaintiffs' amended complaint should comply with FRCP and the Local Rules. Plaintiffs' amended complaint must clearly and concisely state Plaintiffs' claims and factual allegations as required under FRCP 8.  Plaintiffs' claims and allegations should be in "numbered paragraphs, each limited as far as practicable to a single set of circumstances" as required by FRCP 10(b).  "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  <u>Id.</u>

CONCLUSION

The Court makes the following recommendations:

1)  The Complaint should be DISMISSED with leave to amend;

2)  The In Forma Pauperis Application should be DENIED;

3) The "MOTION/ACTION: REQUEST FOR LEAVE ABSENCE FR FEB. 1 – APR. 8, 2019" [ECF DKT No. 4] and "REQUEST TO: Cancel this March 18, 2019 Hearing Date Please or Please Do Not Set the Hearing Date Yet" [ECF DKT No. 5] should be terminated upon dismissal of the Complaint;

4) Plaintiffs should be GRANTED until March 11, 2019 to file an amended complaint curing the deficiencies identified above;

5) Plaintiffs should be directed to file an In Forma Pauperis Application or pay the requisite filing fee by March 11, 2019;

6) Plaintiffs should be instructed to title the amended pleading "First Amended Complaint;"

7) Plaintiffs should be instructed that the amended pleading must comply with the Local Rules and the Federal Rules of Civil Procedure; and

8) Plaintiffs should be cautioned that failure to timely file an amended complaint that cures the deficiencies identified above, along with the requisite filing fee or another In Forma Pauperis Application, will result in the dismissal of the action.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, February 11, 2019.



  /s/ Rom A. Trader

Rom A. Trader
United States Magistrate Judge