IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JANET HOWELL, | ) | CIVIL NO. 19-00025 JAO-RT |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| vs. | ) | |
| | ) | |
| J.A. RIEHL PEB, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DISMISSING ACTION

On February 11, 2019, the Magistrate Judge issued a Findings and Recommendation to Dismiss the Complaint and Deny as Moot Application to Proceed In Forma Pauperis ("F&R"). ECF No. 6. The F&R recommended that Plaintiffs[1] be granted until March 11, 2019 to file an amended pleading.

This Court issued an Order Adopting, as Modified, Magistrate Judge's Findings and Recommendation on February 28, 2019 ("Order"). ECF No. 7. The Order extended the deadline for Plaintiffs to file an amended complaint and an In Forma Pauperis Application or to pay the requisite filing fee until March 29, 2019. Plaintiffs failed to comply with this deadline.

---

[1] The Complaint identified Aunty's Market China Town Hawaii LLC, Leticia Tamayo, and Janet Howell as Plaintiffs.

Instead, on April 17, 2019, Plaintiffs filed a document titled "REQUEST HEARING DATE AUGUST 2019." ECF No. 9. Although the Court determined that Plaintiffs failed to advance a legitimate basis for the requested extension, it granted Plaintiffs until May 17, 2019 to file an amended complaint <u>and</u> another IFP Application or the requisite filing fee. The Court cautioned that failure to timely comply with the requirements set forth in the Order would result in the automatic dismissal of the action.

## DISCUSSION

Pro se Plaintiff Janet Howell ("Plaintiff") recently submitted three documents titled "Complaint." ECF No. 13. One document is a pro se form complaint for a civil case[2] and the other two are documents created by Plaintiff that are nearly identical. As a preliminary matter, these filings do not comply with the F&R and Order, which required Plaintiff to file a single pleading titled "First Amended Complaint" that conforms with the Federal Rules of Civil Procedure ("FRCP") and the Local Rules.[3] Neither has Plaintiff submitted an in forma

---

[2] Notably, this form complaint was also filed in Civil No. 17-00514 ACK-RLP, a prior action initiated by Plaintiff that was dismissed on April 19, 2019. Plaintiff merely crossed out the civil number and handwrote the civil number for this case.

[3] Even though Plaintiff improperly submitted multiple pleadings, the Court has reviewed and considered them all.

2

pauperis application or paid the requisite filing fee. For these reasons alone, the action should be dismissed.

In substance, the documents comprising Plaintiff's amended pleading fail to demonstrate that the Court has jurisdiction and do not set forth any viable claims.

A. <u>The Amended Pleading Fails to Establish a Basis for Jurisdiction</u>

Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3). Here, Plaintiff has failed to meet her burden of establishing that subject matter jurisdiction exists, even construing the amended pleading liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and she has failed to correct the deficiencies previously identified by the Court. Based on her allegations, it appears that Plaintiff wishes to invoke federal question jurisdiction.[4] In the form amended pleading, Plaintiff lists the following "federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case:"

> BRINGING SUIT AGAINST UNITED STATES OF US
> NAVY, BUMED, PEB ND FEDERAL OFFICIALS,
> VIOLATION OF TITLE VII, VIOLATION OF 1964 ACT,
> VIOLATION OF REFERENCE 7702 AND 7703,
> DISABILITY DISCRIMINATION, MILITARY DISABLE

---

[4] On the form complaint, Plaintiff checked "Diversity of citizenship," but also identified federal provisions purportedly at issue in the case.

3

DISCRIMINATION, VIOLATION OF HUMAN RIGHTS, CIVIL RIGHTS, ABUSED OF AUTHORITY NEGLIGENCE, VIOLATION OF CONSTITONAL RIGHTS MIXED CASE

ECF No. 13 at 3, II.A. Plaintiff's statement of claim provides:

MULTIPLE TORT MIXED CASE DUE TO ALIENATION OF AFFECTION MEN AND WOMEN, NEGLIGENCE, MAL PRACTICES DOCTORS, NURSES, FABRICATED CRAZY DELUSIONAL WIFE BUT ACTUALLY CREATED BY CRAZY DELUSIONAL MISTRESSESOR BENEFICIAL FRIEND, USED THEIR PROESSION AS PRIVILEGED TO DISCIMINATE, WORK BEYOND THEIR SPECIALTY OR SCOPE OF WORK, FABRICATED, FORGED, I WAS A VICTIM OF A CRAZY DELUSIONAL BENEFICIAL FRIENDS WHO IDENTITY THEFT ME AND ACT AS A CRAZY WIFE IN GERMANY BUT ACTUALLY IT'S A CRAZY DELUSIONAL MISTRESS WHO ALIENATE AFFECTION FOR YEARS.

*Id.* at 4, III. In her other submissions entitled "Complaint," Plaintiff identifies Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, and the Age Discrimination in Employment Act as bases for jurisdiction. Plaintiff's mere reference to federal statutes, without any factual allegations to support violations of those statutes, is insufficient to establish jurisdiction founded upon a federal question.

Plaintiff likewise fails to articulate facts establishing diversity jurisdiction, as she has not identified Defendants' citizenships. Indeed, the Court is unable to even ascertain the identities of all Defendants because there is a discrepancy between those identified in the form amended pleading and those identified in the

4

other "Complaints."[5]  Given Plaintiff's failure to establish jurisdiction, the Court DISMISSES the amended pleading.

B. <u>The Amended Pleading Fails to State a Claim</u>

As before, Plaintiff has not stated a claim upon which relief can be granted. FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  FRCP 8 does not demand detailed factual allegations.  However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)

---

[5] Plaintiff is required to name all Defendants in the caption.  Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").

(citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's amended pleading liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is further warranted because the amended pleading fails to state a claim upon which relief can be granted. The amended pleading is a rambling narrative.[6] Plaintiff's

---

[6] This excerpt exemplifies the difficulty of reviewing and evaluating Plaintiff's allegations:

> I wish the Judges can put them in Jail for Deceiving the Federal Government Claiming to be Military Dependents since 2005 their whole Clans. They will be on the Criminal Conduct Case that I filed lately. All the Witnesses that I mentioned are all Justice collaborators claiming to be Girlfriends to keep $192 the 2 Million for Obstruction of Justice. Million x 5 years since the Criminal Conduct Action done. Upon to the present Damages done for Alienation of Affection and Criminal Conversation x How old their Bastards is. Their Batards are in included in these Law suits because even while their Bastards are in their Bellies they Already Harassing the Legal Wife especially on the Actual Wedding Anniversaries and Birthdays any Big Events. how many years they been Hostile even they Pregnant they Harassed the Plaintiff their Kids should be included on the charges some of them now are Teen Agers and Hostile to the Plaintiff attempting to Kill to Run her Over by the Fancy Cars that was acquired Fraudulently. Two Million for Obstruction of Justice because some of them are hindering me to get my Justice, sabotaging my income and controlling my husband even buying Furnitures on my Wedding Day it was sold by my husband the gift that I gave Him for our Wedding Anniversary

(continued . . . .)

incoherent and unintelligible statements not only violate FRCP 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," they preclude the Court from discerning which allegations correspond to her various legal claims and whether those claims are plausible and/or sufficiently pled.

Although the Court questions whether further amendment can cure the amended pleading's multiple deficiencies, in consideration of Plaintiff's pro se status, the Court will provide her with a <u>final opportunity</u> to correct the deficiencies previously identified and those identified herein. *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). The Court imposes the following requirements on any further pleading: (1) Plaintiff must clearly establish the basis or bases for jurisdiction and allege law and facts to support her assertion of jurisdiction; (2) Plaintiff must comply with all applicable

---

( . . . . continued)
    influence by His Girlfriends. They turned my Husband Against me. Chest Pain, Anxiety, Grave Emotional Distress. They made me Brain Damage that's why I cannot get a descent job.

ECF No. 13-2 at 11.

rules, including but not limited to FRCP 8 and 10, which require a short and plain statement, the identification of all parties in the caption, and the presentation of "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); and (3) any amended pleading must be a <u>single</u> pleading, titled "Second Amended Complaint," and must be filed by **May 31, 2019**. As previously ordered, the amended pleading must be accompanied by the applicable filing fee or an in forma pauperis application. Failure to meet any of the foregoing requirements and/or comply with any aspect of this order will result in the dismissal of this action.

## CONCLUSION

In accordance with the foregoing, the Court DISMISSES this action. Plaintiff may file an amended pleading in conformance with this order by **May 31, 2019.** The filing fee or an in forma pauperis application must be submitted at the same time as the amended pleading. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, May 10, 2019.



Jill A. Otake
United States District Judge

CV 19-00025 JAO-RT; *Howell v. Riehl.*; ORDER DISMISSING ACTION