IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANET HOWELL;<br><br>    Plaintiffs,<br><br> vs.<br><br>J. A. RIEHL PEB, et al.,<br><br>    Defendants. | CIV. NO. 19-00025 JAO-RT<br><br>ORDER DENYING PLAINTIFF JANET HOWELL'S MOTION TO DISQUALIFY JUDGE |

ORDER DENYING PLAINTIFF JANET HOWELL'S
MOTION TO DISQUALIFY JUDGE

Before the Court is pro se Plaintiff Janet Howell's ("Plaintiff") request to "change [ ] judges on this case" ("Motion"). ECF No. 11. The Court elects to decide the Request without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("LR"). Plaintiff's document is not titled, does not cite to any authority in support of Plaintiff's request, and does not follow the requirements under LR 7.1 and Rule 7 of the Federal Rules of Civil Procedure. However, the Court will liberally construe Plaintiff's Motion and will treat it as a Motion to Disqualify this Court under 28 U.S.C. § 455.[1] See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally,

---

[1] The Court declines to treat Plaintiff's Motion as a motion to disqualify under 28 U.S.C. § 144 because Plaintiff has not asserted that the Court has any personal bias or prejudice against the Plaintiff or in favor of any adverse party.

including pro se motions as well as complaints"). After careful review of Plaintiff's Motion, the files in this case, and the applicable law, the Court DENIES Plaintiff's Motion.

BACKGROUND

On January 18, 2019, Plaintiff filed her "Complain [sic] of Criminal Action . . . "[2] ("Complaint") and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP"). ECF Nos. 1 & 2. On January 25, 2019, Plaintiff filed a request ("Request").[3] ECF No. 5. This Court carefully reviewed Plaintiff's

---

[2] The full title of Plaintiff's complaint is:
> Complain of Criminal Action: FAMILY ALIENATORS FRAUD MILITARY DEPENDENTS, CLAIMING TO BE GIRLFRIENDS, SEX OFFENDERS TO CHARGE THE GENIUS CRIMINALS WHO UNDERMINED SEDUCTOR, SEDUCTRESES, TERRORIZERS MULTIPLE IDENTITY THEFT FAMILIES, FAMILY ALIENATORS THEFT FAMILIES, FRAUD MILITARY DEPENDENTS CLAIMING TO BE Girlfriends, boyfriends, Beneficial Friends, Co-workers, Relatives Cousins et all. RELATIVES COUSINS ET ALL COMPLAIN OF: OBSTRUCTION OF JUSTICE INTENTIONAL MANSLAUGHTER AND ATTEMPTED MURDER CAUSE BY RELATIONAL ATTEMPTED MURDER CAUSE BY BULLIES, FAMILY ALIENATORS PROVOKERS, DUE TO THEIR CRAB MENTALITIES, GOLD DIGGERS OBSTRUCTING JUSTICE, FRAUD DEPENDENTS HOME WRECKERS, FRAUD DEPENDENTS, GENIUS CRIMINALS, THIEVES, OBSTRUCTING OUR BUSINESS GROWTH HOMESIDE, BULLIES, INTENTIONAL MANSLAUGHTER, ATTEMPTED MURDER, GROWTH BREACH OF CONTRACT, BREACH OF PEACE, BLOOD SUCKERS, FORGERS, LYBEL FABRICATORS, SLANDERERS, ETC.

[3] The full title of the request is:
> BEFORE: MAGISTRATE CV-19-00025-JAO-RT REQUEST TO: CANCEL THIS MARCH 18, 2019 HEARING DATE PLEASE OR PLEASE DO NOT SET THE HEARING DATE YET MOTION/ACTION: CHANGE/ADJUST HEARING DATE TO: AUGUST 2019 POSSIBLE EVIDENCES, DISCOVERIES COMPLAIN OF CRIMINAL ACTION: FAMILY ALIENATORS FRAUD MILITARY DEPENDENTS, CLAIMING TO

2

Application to Proceed in Forma Pauperis and Complaint. On February 11, 2019, this Court found and recommended that the Complaint be dismissed without prejudice and the application be denied as moot. ECF No. 6. This Court recommended that Plaintiff be given until March 11, 2019 to file a First Amended Complaint and to either file another application or pay the requisite filing fee. Id.

On February 28, 2019, the District Judge Otake adopted this Court's findings and recommendation, but made a modification that extended Plaintiff's deadline to file a First Amended Complaint and an In Forma Pauperis Application (or to pay the requisite filing fee). ECF No. 7. The deadline was extended from March 11, 2019 to March 27, 2019. Id. Plaintiff failed to meet this deadline.

On April 17, 2019, Plaintiff filed a motion titled, "Request Hearing Date August 2019." ECF No. 9. On April 18, 2019, the District Judge Otake issued an Order Granting in Part and Denying in Part Plaintiffs' Request Re: Hearing Date,

---

BE GIRLFRIENDS, SEX OFFENDERS TO CHARGE THE GENIUS CRIMINALS WHO UNDERMINED ME SEDUCTOR SEDUCTRESES, TERRORIZERS MULTIPLE IDENTITY THEFT FAMILIES, FAMILY ALIENATORS THEFT FAMILIES, FRAUD MILITARY DEPENDENTS CLAIMING TO BE Girlfriends, boyfriends, Beneficial Friends, Co-workers, Relatives Cousins et all. FORGERS, RELATIVES, COUSINS ET ALL COMPLAIN OF: OBSTRUCTION OF JUSTICE INTENTIONAL MANSLAUGHTER AND ATTEMPTED MURDER CAUSE BY RELATIONAL ATTEMPTED MURDER CAUSE BY BULLIES, FAMILY ALIENATORS PROVOKERS, DUE TO THEIR CRAB MENTALITIES, GOLD DIGGERS OBSTRUCTING JUSTICE, FRAUD, DEPENDENTS HOME WRECKERS, FRAUD DEPENDENTS, GENIUS CRIMINALS, THIEVES, OBSTRUCTINGJUSTICE, OBSTRUCTING MY BUSINESS GROWTH, MY CAREER GROWTH, MY FINANCIAL STABILITY E HOMESIDE, BULLIES, INTENTIONAL MANSLAUGHTER, ATTEMPTED MURDER, GROWTH BREACH OF CONTRACT, BREACH OF PEACE, BLOOD SUCKERS, FORGERS, LYBEL FABRICATORS, SLANDERERS, ETC.

where Plaintiff was given another extension to May 17, 2019 to file a First Amended Complaint and an In Forma Pauperis Application (or to pay the requisite filing fee). ECF No. 10. Plaintiff filed the instant Motion on April 24, 2019. ECF No. 11.

On May 3, 2019, Plaintiff filed a Complaint, but did not file an In Forma Pauperis Application. ECF No. 13. On May 10, 2019, the District Judge Otake issued an Order Dismissing Action. ECF No. 15. However, Plaintiff has leave to file an amended pleading and an In Forma Pauperis Application (or to pay the requisite filing fee) by May 31, 2019. Id.

## DISCUSSION

In her Motion, Plaintiff requests for a different judge to preside over her case. Plaintiff claims that (1) the Court was "quick[ ] to schedule the First Amendment of Complaint while" she was on an overseas visit; (2) the Court is only concerned about its own calendar; and (3) she "need[s] a more [c]onsiderate judge[ ] to understand [her] situation[ ]."

28 U.S.C. § 455 provides, in pertinent part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

4

28 U.S.C. § 455. Plaintiff has not stated any legitimate basis for her request. Plaintiff's personal situation and the Court's decisions in this case do not have any bearing on issues of impartiality, personal bias, or prejudice such that a disqualification is warranted. Rather, Plaintiff's Motion is based on her personal circumstances. She asks the Court to postpone its rulings and grant her requested relief solely based on compassion for her personal situation. This Court declines to favor one party over another and will rule according to what is appropriate under the law.

In this case, this Court dismissed Plaintiff's Complaint without prejudice because the Complaint failed to identify the Court's jurisdictional basis and failed to state a claim. ECF No. 6. In fact, Plaintiff's Complaint was wholly incomprehensible in that it was impossible to identify the defendants and the claims asserted. Id. This Court recommended that Plaintiff be given until March 11, 2019 to amend her complaint so that her case could be heard on its merits. Id. District Judge Otake granted Plaintiff a further extension until March 27, 2019. ECF No. 7. However, Plaintiff did not file an amended Complaint by the March 27, 2019 deadline. At this point, Plaintiff's case could have been dismissed in its entirety.

When Plaintiff filed her "Request for Hearing Date August 2019," the District Judge Otake allowed Plaintiff a further extension until May 17, 2019 to amend her Complaint. ECF No. 10. Plaintiff filed her amended Complaint on May 3, 2019. ECF No. 13. Her amended Complaint did not comply with the

5

Court's previous orders and failed to cure the deficiencies in her original Complaint.  However, the District Judge Otake allowed Plaintiff yet another chance to amend her pleading by May 31, 2019.  ECF No. 15.  Thus, Plaintiff was given a total of 3 opportunities to amend her Complaint, and still has until the end of this month to do so.

It is Plaintiff's duty to litigate her case and "to take all steps necessary to bring an action to readiness for pretrial and trial."  LR16.1.  Plaintiff has not stated any legitimate basis for her request for disqualification and this Court finds no reason justifying the same.  Accordingly, the Court DENIES Plaintiff's Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 16, 2019.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____
*Howell v. J.A. Riehl PEB, et al.*; Civ. No. 19-00025 JAO-RT; Order Denying Plaintiff Jane Howell's Motion to Disqualify Judge