IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JANET HOWELL, | ) | CIVIL NO. 19-00025 JAO-RT |
|---|---|---|
| Plaintiff, | ) ) | ORDER DISMISSING ACTION |
| vs. | ) ) | |
| J.A. RIEHL PEB, et al. | ) ) | |
| Defendants. | ) ) ) | |

## **ORDER DISMISSING ACTION**

Plaintiffs Aunty's Market China Town Hawaii LLC, Leticia Tamayo, and Janet Howell (collectively "Plaintiffs") commenced this action on January 18, 2019. On February 11, 2019, the Magistrate Judge issued a Findings and Recommendation to Dismiss the Complaint and Deny as Moot Application to Proceed In Forma Pauperis ("F&R"). ECF No. 6. The F&R recommended that Plaintiffs be granted until March 11, 2019 to file an amended pleading.

This Court issued an Order Adopting, as Modified, Magistrate Judge's Findings and Recommendation on February 28, 2019 ("Order"). ECF No. 7. The Order extended the deadline for Plaintiffs to file an amended complaint and an in forma pauperis application or to pay the requisite filing fee until March 29, 2019. *Id.* at 1. Plaintiffs failed to comply with this deadline.

On April 17, 2019, Plaintiffs filed a document titled "REQUEST HEARING DATE AUGUST 2019." ECF No. 9. Although the Court determined that Plaintiffs failed to advance a legitimate basis for the requested extension, it granted Plaintiffs until May 17, 2019 to file an amended complaint and another in forma pauperis application or the requisite filing fee. ECF No. 10 at 4. The Court cautioned that failure to timely comply with the requirements set forth in the Order would result in the automatic dismissal of the action. *Id.* at 5.

On May 3, 2019, pro se Plaintiff Janet Howell ("Plaintiff")[1] submitted three documents titled "Complaint." ECF No. 13. The Court addressed these documents in its Order Dismissing Action ("Dismissal Order") filed on May 10, 2019. ECF No. 15. The Court found that the filings did not comply with the F&R and Order, failed to demonstrate that the Court has jurisdiction, and did not set forth any viable claims. *Id.* at 2-7. Although the Court questioned whether further amendment could cure the aforementioned defects, it afforded Plaintiff a final opportunity to correct the deficiencies identified in the Dismissal Order and prior orders. *Id.* at 7. The Court imposed a deadline of May 31, 2019 to file a second amended complaint and file the applicable filing fee or an in forma pauperis

---

[1] Aunty's Market and Leticia Tamayo were not named as plaintiffs in this series of complaints.

application. *Id.* at 8. The Court again cautioned Plaintiff that her failure to meet any of the outlined requirements would result in the dismissal of this action. *Id.*

Rather than preparing a compliant amended pleading, Plaintiff filed seven motions between May 13 and May 30, 2019, most of which sought the same relief previously requested and denied. One such motion requested an extension of the deadline to file an amended pleading. The Court denied a further extension because the case has been pending since the beginning of the year and Plaintiff did not provided a basis to continue extending the deadline to file an amended pleading. ECF No. 22 at 2-4. The Court reminded Plaintiff that she must diligently prosecute her case and strongly admonished that Plaintiff's failure to meet deadlines and comply with Court mandates would result in the dismissal of this action. *Id.* at 4.

On May 30, 2019, Plaintiff filed yet another Motion for Extension of Time, seeking an extension until August 2019 to file an amended pleading. ECF No. 25. The Court denied the motion for the reasons previously articulated and because Plaintiff failed to provide a basis for a further extension. ECF No. 27.

To date, Plaintiff has not filed a second amended complaint, nor an in forma pauperis application or the filing fee.[2]

---

[2] On May 24, 2019, Plaintiff submitted a document titled "UPDATED INFORMATION TELEPHONE NUMBERS AND EMAIL ADDRESSES (continued . . . .)

DISCUSSION

Courts do not take failures to prosecute and failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61

---

(. . . . continued)
ABOVE, ATTACHED FORMS REQURED FOR THE PAUPERIS APPLICATION." ECF No. 24. Attached to the document were two identical Applications to Proceed In Forma Pauperis for another case in this district, misidentified as "CV-00514-ACK-RLP." ECF Nos. 24-2, 24-4. Even if the Court construed these as a properly submitted in forma pauperis application relevant to this action, the application would be denied as deficient. Plaintiff did not respond to the salient inquiries in the application; she rambled about the wrongs she has purportedly suffered. In any event, given the case history here, it would be inappropriate to consider an in forma pauperis application without screening the corresponding operative pleading, which Plaintiff failed to file.

(9th Cir. 1992)).  Although the Court recognizes that Plaintiff is proceeding pro se, she is not exempt from complying with all applicable rules.  Local Rule 83.13 ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's violation of multiple orders and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action.  The public's interest in expeditious resolution of this litigation strongly favors dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need to manage its docket.  *Id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, there is no risk of prejudice to Defendants, as they have yet to be served.  Finally, there are no less drastic alternatives available at this time.  This case cannot proceed without an operative pleading and the Court has already given Plaintiff two opportunities to amend her complaint plus multiple extensions of time to do so.  Instead of availing herself of these opportunities, Plaintiff continues to paper the Court with frivolous and incoherent motions, repeatedly requesting relief that has already been denied.

The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, considering the totality of the

circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 3, 2019.

Jill A. Otake
United States District Judge